**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TAWANA UNDERWOOD,

    Plaintiff,

    v.                                          Case No. 08-11024

CIENA HEALTH CARE MANAGEMENT,
INC. AND GAIL CALIGUIRI

    Defendant/Counter-Plaintiff.
    _____/

**ORDER DENYING "PLAINTIFF'S MOTION TO REMAND" AND GRANTING DEFENDANT CIENA'S "MOTION TO AMEND ITS AMENDED NOTICE OF REMOVAL BY WAY OF SUPPLEMENTATION"**

Pending before the court is Plaintiff Tawana Underwood's "Motion to Remand," filed on March 26, 2008. The matter is fully briefed and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). Also pending is Defendant Ciena Health Care Management, Inc.'s ("Ciena's") "Motion to Amend Its Amended Notice of Removal," filed on April 4, 2008.[1] The court will, for the reasons stated below, deny Plaintiffs' motion and grant Ciena's motion.

Plaintiff filed her complaint in Wayne County Circuit Court on February 19, 2008 and Ciena was served on February 21, 2008. Defendant Gail Caliguiri has not been served. A notice of removal was filed in this court on March 10, 2008, purportedly on behalf of both Defendants. A few days later, before the expiration of time required for filing a notice of removal, Ciena filed an amended notice of removal. The amended

---

[1] Full briefing of this motion is unnecessary.

notice states that only Ciena was seeking removal. Ciena's motion to further amend its notice states that the reason Caliguiri did not consent to removal is because she has not been served with the complaint. The Sixth Circuit has allowed litigants to cure such defects with an amended filing, even if such filing occurs after the period for removal expires. *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963 (6th Cir. 1993). The court will therefore grant Ciena's motion to further amend its notice of removal.

Plaintiff's motion for remand relies upon case law interpreting 28 U.S.C. § 1446(b) to require unanimity among all defendants seeking to remove an action to federal court. *See Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). Ciena correctly cites authority recognizing exceptions to this general rule, including an exception when the non-joining defendant was not served with service of process at the time the removal petition was filed. *See*, *e.g.*, *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 972 (S.D. Ohio 2003). This exception applies in this case, as Caliguiri was not served at the time that Ciena sought removal.[2]

Plaintiff counters in her reply brief, alleging misconduct by Ciena, Caliguiri's former employer, for not disclosing Caliguiri's last known address to Plaintiff despite

---

[2]The better view of the law is perhaps not that an exception applies, but that service of process is a precondition of the rule itself. The statutory "procedure for removal" requires (1) filing all papers served on the removing defendant and (2) filing within thirty days of initial service. 28 U.S.C. § 1446(a) and (b). As such, the very terms of the rule assume an already served defendant and, by their silence, exclude any role for the consent of unserved defendants. The court notes that this view of the law raises a distinction without a practical difference, for either way the consent of an unserved defendant is not required for removal.

Plaintiff's requests. Plaintiff argues that Ciena is thus frustrating Plaintiff's attempts to serve Caliguiri and would wrongly benefit if removal were allowed under these circumstances. The court is not persuaded. First, Plaintiff has not set forth any theory requiring Ciena to disclose the last known address of its co-defendant. Federal Rule of Civil Procedure 26 requires initial disclosures of information only *after* the parties' Rule 26(f) conference. Fed. R. Civ. P 26(1)(C). That conference has yet to occur in this case, and therefore any early disclosure by Ciena would be voluntary and not a matter that Plaintiff can compel by request. Further, even if Ciena's conduct was "improper," Plaintiffs cite no authority requiring this court to take such considerations into account in its determination of the propriety of removal, a jurisdictional issue. The court will therefore deny Plaintiff's motion to remand.

IT IS ORDERED that "Plaintiff's Motion to Remand" [Dkt. # 8] is DENIED.

IT IS FURTHER ORDERED that "Defendant Ciena's Motion to Amend Its Notice of Removal By Way of Supplementation" [Dkt #9] is GRANTED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 17, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 17, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522