**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TAWANA UNDERWOOD,

    Plaintiff,

v.                                                 Case No. 08-CV-11024-DT

RIVERVIEW OF ANN ARBOR AND GAIL
CALIGUIRI,

    Defendants.
                                           /

**ORDER GRANTING IN PART DEFENDANT'S CALIGUIRI'S "MOTION TO DISMISS COMPLAINT AND TO QUASH SERVICE OF PROCESS" AND REQUIRING PLAINTIFF TO SHOW CAUSE**

Pending before the court is Defendant Gail Caliguiri's "Motion to Dismiss Complaint and to Quash Service of Process." After the motion was fully briefed, the court held an evidentiary hearing on October 15, 2008, which was continued and concluded on October 23, 2008. For the reasons stated on the record, the court granted Defendant's motion to quash service as to Gail Caliguiri. The court now orders Plaintiff to show cause why this matter should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(4).

The court can dismiss the complaint, as a matter of law, if Plaintiff fails to effect sufficient process on a defendant. Fed. R. Civ. Pro. 12(b)(4). If the court quashes service as to a particular defendant, service is by definition improper, but a plaintiff can be given leave to attempt valid service. *Frederick v. Hydro-Aluminum S.A.,* 153 F.R.D. 120, 123 (E.D. Mich. 1994). Such leave would be useless, though, if plaintiff is outside the time limit for service as defined in Fed. R. Civ. Pro. 4(m). The court has already

granted Plaintiff a full 120 days to effect service as contemplated by the Federal Rules, (5/15/08 Order at 2), and the summons for Defendant Caliguiri expired on June 18, 2008. (*Id.*) Plaintiff is therefore well outside the time limit for service.

Once plaintiff is outside the time limit for service, the court may "direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Id.* The standard to demonstrate "good cause for the failure" is excusable neglect. *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (citing Fed. R. Civ. Pro. 6(b)). Excusable neglect is a strict standard, and "can only be met in extraordinary circumstances." *Id.* (quoting *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)).

Excusable neglect requires a two-part analysis. *Turner*, 412 F.3d at 650. First, the party must show neglect. *Id.* Neglect exists "where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Id.* The neglect may be excusable if, on the equities, the court determines all the relevant circumstances surrounding the omission warrant relief. *Id.* These circumstances can include "the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (internal citation omitted). Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Dismiss Complaint and to Quash Service of Process" [Dkt. # 36] is GRANTED IN PART. Specifically, it is granted to the extent that service is quashed as to Defendant Caliguiri for the reasons stated on the record at the court's October 23, 2008 evidentiary hearing.

Further, Defendant is ORDERED TO SHOW CAUSE, in writing, on or before **November 12, 2008**, why this case should not be dismissed, as to Defendant Caliguiri only, pursuant to Federal Rule of Civil Procedure 12(b)(4).

                                                                    s/Robert H. Cleland
                                                                    ROBERT H. CLELAND
                                                                    UNITED STATES DISTRICT JUDGE

Dated: October 28, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 28, 2008, by electronic and/or ordinary mail.

                                                                    s/Lisa G. Wagner
                                                                    Case Manager and Deputy Clerk
                                                                    (313) 234-5522